PATRICIA J. RYNN, CA State Bar No. 092048
MARION I. QUESENBERY, State Bar No. 072308
RYNN & JANOWSKY, LLP
P.O. Box 20799
Oakland, CA 94620
Telephone: (510) 705-8894
Facsimile: (510) 705-8737

Attorneys for Plaintiff
UESUGI FARMS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION           *E-FILED - 3/17/06*

| | |
|---|---|
| UESUGI FARMS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>RED PONY PRODUCE, INC., a corporation; GARON B. HANDLEY, an individual; TROY G. BENNETT, an individual,<br><br>Defendants. | CASE NO. C 06-00919 RMW<br><br>**STIPULATION FOR ENTRY OF JUDGMENT; ORDER AND JUDGMENT** |

      Plaintiff Uesugi Farms, Inc. ("Uesugi Farms") and Defendants Red Pony Produce ("Red Pony"), Garon B. Handley ("Handley"), and Troy G. Bennett ("Bennett")(jointly "Defendants") stipulate and agree to the following:

      1.    Between on or about November 19, 2004 and January 23, 2006, Uesugi Farms sold and shipped perishable agricultural commodities to Red Pony, at its request. Red Pony agreed to pay Uesugi Farms a total price of $393,203.29 for this fresh produce, all of which is past due and unpaid. The invoices also provided for the payment of 18% interest per annum on all past due sums.

2. Each of these sales transactions qualify for protection under the Perishable Agricultural Commodities Act ("PACA") trust provisions, 7 U.S.C. § 499e(c), and Uesugi has taken all steps necessary to preserve its trust rights for the full amount due from Red Pony for the fresh produce.

3. Red Pony is, and was at all relevant times, licensed by the United States Department of Agriculture as a commission merchant, dealer, and/or broker of perishable agricultural commodities (PACA license # 20040415).

4. Defendants Handley and Bennett are, and were at all relevant times, officers and shareholders of Red Pony and were in a position to and did control the PACA trust assets held by Red Pony during all relevant time periods. Consequently, under PACA, they are personally liable as trustees for Red Pony's failure to pay Uesugi Farms. See Sunkist Growers, Inc. v. Fisher, 104 F.3d 280, 282-83 (9th Cir. 1977).

5. Uesugi Farms and Defendants wish to compromise and resolve this matter by agreement and stipulation for entry of judgment whereby Defendants, jointly and severally, shall pay to Uesugi Farms the sum of $393,203.29, plus interest and attorneys fees (if applicable under the terms of this Stipulation), via installment payments in the amounts and at the times stated below.

6. Interest on the $393,203.29 is due to Uesugi Farms at the rate of eighteen percent (18%) per annum from November 29, 2004 through February 28, 2006 (from the date each invoice became due), for a total of $30,210.65 in interest through February 28, 2006. Interest shall continue to accrue at eighteen percent (18%) per annum until paid in full. However, if Defendants timely pay Uesugi Farms according to the payment schedule provided in this Stipulation, Uesugi Farms will waive all interest due over ten percent (10%) per annum. Specifically, if payments are timely made, the total interest owed by Defendants through

February 28, 2006, will be $16,783.70, and thereafter interest will accrue at ten percent (10%) per annum.  However, if any payment is not timely made, the interest owed by Defendants shall be eighteen percent (18%) per annum or a total sum of $30,210.65 through February 28, 2006, and continuing at 18% per annum until the entire sum owed by Defendants to Uesugi Farms is paid in full.

7. Defendants also agree to pay Uesugi Farms' estimated attorneys fees and costs of $10,000.00 in pursuing this action, of which $5,000.00 has been paid.  However, if Defendants timely pay Uesugi Farms according to the payment schedule provided in this Stipulation, Uesugi Farms will waive the remaining $5,000.00.  If, however, any payments are not timely made, the additional $5,000.00 in attorneys' fees and costs shall immediately become due and payable and shall be added to the principal sum still outstanding.

8. Defendant Handley also agrees to provide security to Uesugi Farms for the payment of the sums due from Defendants, pursuant to this Stipulation, by granting – within 5 business days – a deed of trust to Uesugi Farms on his and his wife's two-third's (2/3) ownership interest in his residence in Greenfield, California.  Plaintiff shall not record the Deed of Trust unless Defendants are in default of any of their obligations under this Stipulation (after the cure period provided in paragraph 12 below) or under the Order and Judgment entered pursuant to this Stipulation, in which case, Plaintiff may record the Deed of Trust.  Defendant Handley agrees that neither he nor his wife will encumber the property in any way until payment in full is made to Uesugi Farms.  Upon payment in full of all sums due under this Stipulation, Uesugi Farms shall immediately reconvey the deed of trust.

9. Defendants agree to make the following payments to Uesugi Farms:

    a. $250,000.00 within one day of the signing of this Stipulated Judgment.

    b. A minimum of $10,000.00 on the first Tuesday of each month

LAW OFFICES
RYNN & JANOWSKY, LLP
P.O. BOX 20799
OAKLAND, CALIFORNIA 94620
(510) 705-8894
FAX (510) 705-8737

thereafter, beginning on April 4, 2006, until the entire debt to Uesugi Farms is paid in full.

10. All payments described in paragraph 9 above shall be made payable to Uesugi Farms and delivered to the following office for *receipt* by 2 p.m. on the date due: Uesugi Farms, Inc., Attn.: Diane Zent, 1020 Hwy. 25, Gilroy, California 95020, unless notified in writing by Uesugi Farms to deliver the payment to another address, in which case the payments shall be delivered to the new address.

11. No execution shall issue upon the Judgment entered pursuant to this Stipulation nor shall Plaintiff take any action to collect or enforce the Judgment, including but not limited to recording, abstracting, or causing the issuance of writs or other process to enforce collection, so long as Defendants are not in default of their obligations under this Stipulation (after the cure period provided in paragraph 12 below).

12. In the event Defendants fail to make any payment as provided in this Stipulation or default in the performance of any obligation under this Stipulation, Plaintiff Uesugi Farms may immediately execute on and take all available actions to enforce the entire Judgment, including all interest and attorneys fees due. Prior to executing on the judgment, however, Plaintiff shall give notice to Defendants that they are in default, which will be deemed given by Plaintiff to Defendants (a) upon faxing the notice to Defendants' attorney at fax number (408) 395-3120 or at such fax number as Defendants may notify Plaintiff's attorney in writing or (b) upon delivery (by overnight service, such as FedEx, or otherwise) of the notice to Defendants' attorney's office, at the address set forth under his signature below, or at such other address as Defendants may notify Plaintiff's attorney in writing. Defendant shall then have five (5) business days from such notification within which to cure the default.

13. In addition, should Defendants fail to cure any default in the performance of their

STIPULATION FOR ENTRY OF JUDGMENT – Case No. C 06-00919 RMW – 4

obligations under this Stipulation (after notice as provided in paragraph 12), Defendants agree that – based solely on this Stipulation for Entry of Judgment and the declaration(s) of Plaintiff and/or Plaintiff's attorney confirming that Defendants have defaulted on the payment terms or other obligation of this Stipulation or Judgment – (a) enforcement of the Judgment may commence and (b) the Court may immediately enter a Temporary Restraining Order, *ex parte*, prohibiting Defendants, their agents, officers, and banking institutions from dissipating, paying over, assigning, or otherwise transferring any assets of Defendant Red Pony until further order of the Court.

14.  Defendants further agree that should Defendants fail to cure any default in the performance of their obligations under this Stipulation (after notice as provided in paragraph 12), Defendants shall immediately execute any and all documents provided by Plaintiff's attorney as are reasonably necessary to assign Defendants' accounts receivable to Plaintiff Uesugi Farms, which shall be collected and applied to the unpaid balances due under this Stipulation.  In addition, should Defendants fail to cure any default in the performance of their obligations under this Stipulation (after notice as provided in paragraph 12), Defendants shall provide immediate access to all books and records evidencing the outstanding accounts receivable and other financial records of Defendants.

15.  Defendants also agree that should Defendants fail to cure any default in the performance of their obligations under this Stipulation (after notice as provided in paragraph 12), Plaintiff shall be entitled to actual attorneys' fees and costs incurred by Plaintiff to enforce the Judgment entered pursuant to this Stipulation, to force Defendants to comply with their obligations under this Stipulation, and/or to otherwise collect the debt still owing to Plaintiff by Defendants.

16.  In addition, the occurrence of any one of the following events prior to payment in

full of the sums due under this Stipulation shall be deemed an event of default entitling Plaintiff to seek immediate enforcement of judgment without further notice to Defendants: (a) Either Defendant Red Pony or Defendant Handley is named in a petition in bankruptcy, filed voluntarily or involuntarily, or otherwise seek the protection of the bankruptcy laws of any competent jurisdiction or (b) Defendants Red Pony ceases business operations for any reason whatsoever.

17. Nothing in this Stipulation shall be deemed to be a waiver of any rights Plaintiff may have under the PACA, including, but not limited to, its PACA trust rights or Plaintiff's ability to enforce its PACA trust rights against Defendants should Defendants fail to cure any default in the performance of their obligations under this Stipulation (after notice as provided in paragraph 12), or to enforce their PACA trust rights against third party creditors of Defendant Red Pony.

18. In the event Defendants remit payment in an amount less than the full sums required by this Stipulation, and Plaintiffs elect to accept the partial payment, the principal amount of judgment entered in favor of Plaintiffs shall be reduced by the amount so accepted. The Parties agree that acceptance of partial payment shall not waive or in any way prejudice Plaintiffs' rights to enforce this Stipulation or the Judgment entered against Defendants for the unpaid balance that would otherwise be due upon default as set forth in this Stipulation, less any amounts so accepted.

19. Upon full payment of all sums due under this Stipulation and the Order and Judgment entered pursuant to this Stipulation, Plaintiff's attorneys shall prepare and file a Satisfaction of Judgment with the Court.

20. Plaintiff Uesugi Farms and Defendants agree that an Order and Judgment may be entered in a form acceptable to this Court similar to, but not necessarily identical to, the Proposed Judgment that is attached to this Stipulation as Exhibit "1."

21. Nothing in this Stipulation, the Proposed Order and Judgment, or the installment nature of the payments being made under this Stipulation and the Order and Judgment, shall be deemed, interpreted, or otherwise construed as an extension of credit by Plaintiff to Defendants, nor as a waiver of Plaintiff's rights under the PACA trust provisions.

22. The U.S. District Court for the Northern District of California shall retain exclusive jurisdiction over the parties to this action and to enforce and interpret this Stipulation and the Order and Judgment entered by the Court pursuant to this Stipulation.

23. This Stipulation may be executed in counterparts, each of which shall together be construed as a single original document. A fully executed copy of this Stipulation, including facsimile signatures, may be used in lieu of the original for all purposes.

24. The Parties, and each of them, acknowledge having had the opportunity to discuss this Stipulation with its or their own attorneys, and that they have availed themselves of that opportunity to the extent they have desired to do so.

25. All persons whose signatures appear below on behalf of a corporate party represent and warrant that they have the authority to execute this Stipulation on behalf of the corporate party and that by doing so have bound the corporate party to the terms of this Stipulation. Said

///
///
///
///
///

STIPULATION FOR ENTRY OF JUDGMENT – Case No. C 06-00919 RMW – 7

persons also represent that additional steps necessary to so bind the corporation, such as a corporate resolution, shall be promptly taken.

**IT IS SO STIPULATED & AGREED:**

Date: March 1, 2006    RED PONY PRODUCE, INC.

_____
By:
Title:

Date: March 1, 2006    GARON B. HANDLEY

_____
Garon B. Handley

Date: March 1, 2006    TROY G. BENNETT

_____
Troy G. Bennett

Date: March 1, 2006    UESUGI FARMS, INC.

_____
By:   Pete Aiello
Title:  Corporate Secretary

**[SIGNATURES CONTINUE ON NEXT PAGE]**

**APPROVED AS TO FORM AND CONTENT:**

| | |
|---|---|
| Date:  March 1, 2006 | RYNN & JANOWSKY, LLP |
| | /s/ Marion I. Quesenbery |
| | Marion I. Quesenbery |
| | Attorneys for Plaintiff Uesugi Farms, Inc. |
| Date:  March 1, 2006 | MARTIN N. LETTUNICH |
| | |
| | Martin N. Lettunich |
| | Attorney at Law |
| | 235 Oak Meadow Dr |
| | Los Gatos, CA 95032-4401 |
| | Telephone:  (408) 395-3100 |
| | Attorney for Defendants Red Pony Produce, Inc., Garon B. Handley, and Troy G. Bennett |

STIPULATION FOR ENTRY OF JUDGMENT – Case No. C 06-00919 RMW – 9

Case 5:06-cv-00919-RMW   Document 9   Filed 03/17/06   Page 10 of 18
MNL/ELN/GRNM LAW OFC.   Fax:408-395-3120          Mar 2 2006   10:50   P.02
ar 02 06 08:48a   Garon Handley           (831) 674-3370        p.3
MNL/ELN/GRNM LAW OFC.   Fax:408-395-3120          Mar 1 2006   14:28   P.03

1. persons also represent that additional steps necessary to so bind the corporation, such as a
2. corporate resolution, shall be promptly taken.

3. **IT IS SO STIPULATED & AGREED:**

4. Date: March 1, 2006                    RED PONY PRODUCE, INC.

                                          By: _____
                                          Title: C EO

7. Date: March 1, 2006                    GARON B. HANDLEY

                                          _____
                                          Garon B. Handley

11. Date: March 1, 2006                   TROY G. BENNETT

                                          _____
                                          Troy G. Bennett

14. Date: March 1, 2006                   UESUGI FARMS, INC.

                                          _____
                                          By: Pete Aiello
                                          Title: Corporate Secretary

19.                    [SIGNATURES CONTINUE ON NEXT PAGE]

STIPULATION FOR ENTRY OF JUDGMENT – Case No. C 06-00919 RMW – 8

| | |
|---|---|
| 1 | persons also represent that additional steps necessary to so bind the corporation, such as a |
| 2 | corporate resolution, shall be promptly taken. |
| 3 | **IT IS SO STIPULATED & AGREED:** |
| 4 | Date: March 1, 2006          RED PONY PRODUCE, INC. |

By:
Title:

Date: March 1, 2006          GARON B. HANDLEY

_____
Garon B. Handley

Date: March 1, 2006          TROY G. BENNETT

_____
Troy G. Bennett

Date: March 1, 2006          UESUGI FARMS, INC.

*[signature: Pete C. Aiello]*
By:  Pete Aiello
Title: Corporate Secretary

[SIGNATURES CONTINUE ON NEXT PAGE]

LAW OFFICES
RYNN & JANOWSKY, LLP
P.O. BOX 20799
OAKLAND, CALIFORNIA 94620
(510) 705-8894
FAX (510) 705-8737

STIPULATION FOR ENTRY OF JUDGMENT – Case No. C 06-00919 RMW – 8

**APPROVED AS TO FORM AND CONTENT:**

Date: March 1, 2006                     RYNN & JANOWSKY, LLP

_____
Marion I. Quesenbery

Attorneys for Plaintiff Uesugi Farms, Inc.

Date: March 1, 2006                     MARTIN N. LETTUNICH

_____
Martin N. Lettunich
Attorney at Law
235 Oak Meadow Dr
Los Gatos, CA 95032-4401
Telephone: (408) 395-3100

Attorney for Defendants Red Pony Produce, Inc.,
Garon B. Handley, and Troy G. Bennett

LAW OFFICES
RYNN & JANOWSKY, LLP
P.O. BOX 20799
OAKLAND, CALIFORNIA 94620
(510) 705-8894
FAX (510) 705-8737

STIPULATION FOR ENTRY OF JUDGMENT – Case No. C 06-00919 RMW – 9

**EXHIBIT 1**

PATRICIA J. RYNN, CA State Bar No. 092048
MARION I. QUESENBERY, State Bar No. 072308
RYNN & JANOWSKY, LLP
P.O. Box 20799
Oakland, CA 94620
Telephone: (510) 705-8894
Facsimile: (510) 705-8737

Attorneys for Plaintiff
UESUGI FARMS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UESUGI FARMS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>RED PONY PRODUCE, INC., a corporation; GARON B. HANDLEY, an individual; TROY G. BENNETT, an individual,<br><br>Defendants. | CASE NO.  C 06-00919 RMW<br><br>**ORDER AND JUDGMENT** |

Upon consideration of Plaintiff Uesugi Farms, Inc. ("Uesugi Farms") and Defendants Red Pony Produce ("Red Pony"), Garon B. Handley ("Handley"), and Troy G. Bennett's ("Bennett")(jointly "Defendants") Stipulation for Entry of Judgment, it is:

ORDERED that, under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c), trust provisions, Plaintiff Uesugi Farms properly perfected its PACA trust rights against Defendants in the sum of $393,203.29, plus interest, all of which is past due and owing to Uesugi Farms, for perishable agricultural commodities sold to Defendant Red Pony from on or about November 19, 2004 through January 23, 2006.

ORDER AND JUDGMENT – Case No. C 06-00919 RMW – 1

ORDERED that the interest owed by Defendants on the $393,203.29 is $30,210.65 through February 28, 2006. Interest shall continue to accrue thereafter at eighteen percent (18%) per annum until paid in full. However, if Defendants timely make *all* payments to Uesugi Farms according to the payment schedule below, the total interest payment through February 28, 2006 shall be $16,783.70, and thereafter interest will accrue at ten percent (10%) per annum.

ORDERED that Defendants shall also pay Uesugi Farms $5,000.00 in attorneys' fees. However, if Defendants timely make *all* payments to Uesugi Farms according to the payment schedule below, no attorneys shall be due for any attorneys' fees incurred prior to the date of this Order and Judgment.

ORDERED THAT JUDGMENT BE AND IS HEREBY ENTERED in favor of Plaintiff Uesugi Farms and against Defendants Red Pony, Handley, and Bennett, jointly and severally, in the sum of $393,203.29, plus interest and attorneys fees, as provided in this Order and Judgment.

ORDERED that Defendants shall pay this Judgment in the following installment payments: $250,000.00 within one day of the signing of this Stipulated Judgment, and a minimum of $10,000.00 on the first Tuesday of each month thereafter, beginning on April 4, 2006, until the entire debt – including attorneys' fees (if applicable) and interest – to Uesugi Farms is paid in full.

ORDERED that no execution shall issue upon this Order and Judgment nor shall Plaintiff take any action to collect or enforce this Order and Judgment, including but not limited to recording, abstracting, or causing the issuance of writs or other process to enforce collection, so long as Defendants are not in default of their obligations under this Order and Judgment. In the event Defendants fail to make any payment required by this Order and Judgment or default in the performance of any obligation under the Stipulation for Entry of Judgment, Plaintiff Uesugi Farms may immediately execute on and take all available actions to enforce the entire Judgment,

including all interest and attorneys' fees due. Prior to executing on the Order and Judgment, however, Plaintiff shall give notice to Defendants that they are in default, which will be deemed given by Plaintiff to Defendants (a) upon faxing the notice to Defendants' attorney at fax number (408) 395-3120 or at such fax number as Defendants may notify Plaintiff's attorney in writing or (b) upon delivery (by overnight service, such as FedEx, or otherwise) of the notice to Defendants' attorney's office, at the address set forth under his signature below, or at such other address as Defendants may notify Plaintiff's attorney in writing. Defendant shall then have five (5) business days from such notification within which to cure the default.

ORDERED that should Defendants fail to cure any default in the performance of their obligations under this Order and Judgment or the Stipulation for Entry of Judgment, after notice of default and two business days to cure default, Plaintiff may enforce this Order and Judgment based solely on the Stipulation for Entry of Judgment and this Order and Judgment, together with the declaration(s) of Plaintiff and/or Plaintiff's attorney confirming that Defendants have defaulted on the payment terms or other obligation of the Stipulation for Entry of Judgment or this Order and Judgment. In addition, based on the same evidence, the Court may immediately enter a Temporary Restraining Order, *ex parte*, prohibiting Defendants, their agents, officers, and banking institutions from dissipating, paying over, assigning, or otherwise transferring any assets of Defendant Red Pony.

ORDERED that should Defendants fail to cure any default in the performance of their obligations under this Order and Judgment, Defendants shall immediately (1) execute any and all documents provided by Plaintiff's attorney as are reasonably necessary to assign Defendants' accounts receivable to Plaintiff Uesugi Farms, which shall be collected and applied to the unpaid balances due under this Stipulation, and (2) provide immediate access to all books and records evidencing the outstanding accounts receivable and other financial records of Defendants.

LAW OFFICES
RYNN & JANOWSKY, LLP
P.O. BOX 20799
OAKLAND, CALIFORNIA 94620
(510) 705-8894
FAX (510) 705-8737

1  ORDERED that Defendant Handley, to secure payment of the sums due from Defendants to Uesugi Farms pursuant to this Order and Judgment, shall – within 5 business days – grant a deed of trust to Uesugi Farms on his and his wife's two-third's (2/3) ownership interest in his residence in Greenfield, California.  If Defendants are in default of any of their obligations (after the five day cure period) in this Order and Judgment, Plaintiff may record the Deed of Trust; otherwise, Plaintiff shall not record the Deed of Trust.  Defendant Handley shall not encumber the property in any way until all sums due under this Order and Judgment have been paid in full to Uesugi Farms, at which time Uesugi Farms shall immediately reconvey the deed of trust.

ORDERED that Plaintiff shall be entitled to actual attorneys' fees and costs incurred by Plaintiff to enforce this Order and Judgment, to force Defendants to perform their obligations under the Stipulation for Entry of Judgment, and/or to otherwise collect the debt owing to Plaintiff by Defendants.

ORDERED that the occurrence of any one of the following events prior to payment in full of the sums due under this Order and Judgment shall be deemed an event of default entitling Plaintiff to seek immediate enforcement of judgment without further notice to Defendants: (a) Either Defendant Red Pony or Defendant Handley is named in a petition in bankruptcy, filed voluntarily or involuntarily, or otherwise seek the protection of the bankruptcy laws of any competent jurisdiction, or (b) Defendants Red Pony ceases business operations for any reason whatsoever.

ORDERED that nothing in this Order and Judgment, the Stipulation for the Entry of Judgment, or the installment nature of the payments made under this Order and Judgment shall be deemed, interpreted, or otherwise construed as a waiver of (1) any rights Plaintiff may have under the PACA, including, but not limited to, its PACA trust rights, (2) Plaintiff's ability to enforce its PACA trust rights against Defendants should Defendants fail to cure any default in

the performance of their obligations under this Order and Judgment or under the Stipulation for Entry of Judgment, or (3) Plaintiff's ability to enforce their PACA trust rights against third party creditors of Defendant Red Pony.

ORDERED that upon full payment of all sums due under this Order and Judgment Plaintiff's attorneys shall prepare and file a Satisfaction of Judgment with the Court.

ORDERED that the United States District Court for the Northern District of California shall retain exclusive jurisdiction over the parties to this action and to enforce and interpret this Order and Judgment and the Stipulation for Entry of Judgment.

DATE: 3/14/06                             /s/ Ronald M. Whyte
                                          HON. RONALD M. WHYTE
                                          JUDGE, U.S. DISTRICT COURT

LAW OFFICES
RYNN & JANOWSKY, LLP
P.O. BOX 20799
OAKLAND, CALIFORNIA 94620
(510) 705-8894
FAX (510) 705-8737